UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| C. J.-F. (a minor by) IDOCSILE JEAN-FRANCOIS (his mother and natural guardian), | ) Index No. 12-CV-00400 ) ) |
| Plaintiffs, | ) ) **COMPLAINT** ) |
| -against- | ) ) |
| THE CITY OF NEW YORK, P.O. HANS FRANCOIS and P.O. JOHN DOE, | ) ) ) **JURY TRIAL DEMANDED** |
| Defendants. | ) ) |

## PRELIMIARY STATEMENT

1.      This is a civil rights action in which Plaintiffs, C. J.-F. (a minor by) IDOCSILE JEAN-FRANCOIS (his mother and natural guardian) seeks damages for personal injuries sustained as a result of the defendants' violation of his rights as secured by 42 U.S.C. §§1983, 1985 and 1986, and by the Fourth Amendment, Fifth Amendment, Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution, and for rights secured under the laws and Constitution of the State of New York.  Plaintiff also sues in traditional tort pursuant to pendent State claims.  Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff.  Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, and award of costs and attorney's fees and such other and further relief as this Court deems equitable and just.

RAMBADADT, BARRECA, ARMOUR & LEE, LLP

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343, 1343(a)(3) and (4), this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights. The amount of damages in controversy is in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs.

3. Any claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a) and arises under the doctrine of pendent jurisdiction.

5. The Plaintiff respectfully demands a trial by jury on each and every one of the claims as pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(a), (b) and (c) and §1402 (b) because the claims arose in this district.

## PARTIES

7. Plaintiff, C. J.-F. and IDOCSILE JEAN-FRANCOIS, are citizens of the United States and at all times relevant hereto, a resident of the State and City of New York, County of New York.

8. Upon information and belief, at all times hereinafter mentioned, Defendant, THE CITY OF NEW YORK, ("CITY"), was and is a municipal corporation duly organized and existing under the laws of the State of New York.

9. At all times hereinafter mentioned, Defendant CITY is a municipal entity authorized under the laws of the State of New York to operate and maintain the NEW YORK CITY POLICE DEPARTMENT ("NYPD"), <u>inter alia</u>, which acts as its agents in the area of law enforcement, custodial care and management of criminal offenders, and for whose actions, and the actions of individual police officers employed thereby, defendant CITY was and is ultimately responsible.

10. At all times hereinafter mentioned, Defendant CITY operated, maintained and controlled the NYPD, including all police officers therein and assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the consumers of the services provided be the NYPD.

11. Upon information and belief, at all times hereinafter mentioned, Defendant P.O. HANS FRANCOIS (hereinafter "FRANCOIS"), was employed as a Police Officer by defendant CITY, assigned to the 67th Pct., and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees. Defendant FRANCOIS is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

12. Upon information and belief, at all times hereinafter mentioned, Defendant P.O. JOHN DOE (hereinafter "DOE"), was employed as a Police Officer by defendant CITY, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees.

Defendant DOE is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

13. Upon information and belief, at all times hereinafter mentioned, Defendant CITY was authorized by New York City Charter and the New York State Constitution to operate and maintain the OFFICE OF THE KINGS COUNTY DISTRICT ATTORNEY ("KCDA"), which inter alia, acts to protect the public by investigating and prosecuting criminal conduct in Kings County by enforcing provisions of the penal law and other statutes by preparing information and gathering resources for court hearings and presentations at trial. As Defendant CITY's agent in the area of criminal prosecution and enforcement of the New York Penal Code and Constitution, and for whose actions, and the actions of individual Assistant District Attorneys employed thereby, Defendant CITY was and is ultimately responsible.

14. Upon information and belief, at all times hereinafter mentioned Defendant CITY by charter operated and maintained the KCDA, including all Assistant District Attorneys therein.

15. Upon information and belief, at all times hereinafter mentioned, Defendant CHARLES HYNES, was employed as Kings County District Attorney, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed in accordance with New York penal law on all arrest and preserve the constitutional rights of arrestees. At all times hereinafter mentioned, defendant HYNES was acting within the scope of his employment with the KCDA.

16. Upon information and belief, at all times hereinafter mentioned, Assistant District Attorneys are employed by defendant KCDA, and as such have a first line responsibility for taking appropriate measures to ensure that proper procedure was followed in accordance with New York penal law and preserve the constitutional rights of arrestees. At all times hereinafter

mentioned, Assistant District Attorneys were acting within the scope of their employment with the KCDA.

17. At all times relevant herein, each and every individual defendant herein was acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City of New York, at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City of New York, and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

## STATEMENT OF THE FACTS

18. On or about November 3, 2010 at approximately 11:10pm, C. J.-F. was walking home from a friend's house and stopped at a convenience store near the corner of Church Avenue and 47th Street in Brooklyn, New York to purchase a sandwich.

19. Upon entering the store[1] Mr. J.-F. spoke with that clerk behind the counter and requested a sandwich. The clerk informed Mr. J.-F. that they were out of bread and he could not make one. At this time plaintiff requested two pre-paid phone cards and placed twenty-dollars ($20.00) on the counter to cover the purchase price[2] and headed to the back of the store to get a drink.

20. Mr. J.-F. decided not to get a drink and returned to the front counter. At this time he observed that his money was no longer there and in its place were the two phone cards he requested. He took the two phone cards and left the store to go home.

---

[1] Video surveillance cameras are positioned throughout the store and the video feed can be seen displayed on a monitor behind the counter.
[2] Each phone card was valued at ten-dollars ($10.00).

21. Plaintiff began walking on Church Avenue from 47th Street towards his home on 36th Street.

22. At or near the vicinity of Church Avenue and 38th Street plaintiff, without cause or justification, was stopped by a marked NYPD cruiser. Despite repeatedly asking the officers for an explanation of what was happening Mr. J.-F. was thrown against the hood of the cruiser, striking his head, handcuffed and taken to the 67th Precinct to be processed.

23. On or about November 5, 2010, after spending forty hours and thirty minutes (40:30) in custody, Mr. J.-F. was arraigned and charged with: PL 160.05—Robbery in the 3rd degree; PL 155.25—Petit Larceny; PL 165.40—Criminal Possession of Stolen Property in the 5th degree; PL 120.15—Menacing in the 3rd degree; and PL 240.26 (1)—Harassment in the 2nd degree. After his parents posted a cash bail of twenty-five hundred dollars ($2,500.00) he was released[3].

24. On September 13, 2011, approximately eleven (11) months after his wrongful arrest and imprisonment, the charges against Mr. J.-F. were dismissed.

25. The arrest of plaintiff was made without proper cause or justification and in violation of proper process and procedures as NYPD officers.

26. The false arrest, false imprisonment, malicious prosecution and civil rights violations of plaintiff by defendants caused him to sustain personal, psychological and emotional trauma.

27. A Notice of Claim was served on the Comptroller of the City of New York and at least thirty (30) days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

---

[3] Upon information and belief, the officers and KCDA were in possession of the video surveillance from the convenience store at the time of plaintiff's arraignment.

RAMBADADT, BARRECA, ARMOUR & LEE, LLP

## FIRST CAUSE OF ACTION

## Violations of Plaintiff's Fourth Amendment and

## Fourteenth Amendment Rights

28. Plaintiff repeats the allegations made in paragraphs 1-27 and incorporate those allegations by reference with the same force and effect as if herein set forth.

29. At all times relevant herein, the conduct of all defendants was subject to 42 U.S.C. §§1983, 1985, 1986, and 1988.

30. The conduct of defendants FRANCOIS and DOE, on or about November 3, 2010, acting under color of state law, jointly and severally, in conspiring with each other to cause, in failing to prevent others from causing, and in unlawfully arresting and causing Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an illegal seizure under the Fourth Amendment of the Constitution of the United States and to free of a deprivation of liberty under the Fourteenth Amendment of the Constitution of the United States, did undertake with deliberate indifference, intentionally, maliciously and/or with reckless disregard for the natural and probable cause of their acts without lawful justification, and was designed to and did cause specific and serious physical and emotional harm, pain and suffering in violation of Plaintiff's Constitutional rights.

31. WHEREFORE, on this claim Plaintiff demands compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

## SECOND CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment Rights

32. Plaintiff repeats the allegations made in paragraphs 1-31 and incorporate those allegations by reference with the same force and effect as if herein set forth.

33. The use of excessive force by defendant police officers FRANCOIS and DOE in striking plaintiff's head against the police cruiser and causing plaintiff to endure pain and excessive force during the arrest was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

34. WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

## THIRD CAUSE OF ACTION

## Malicious Prosecution

35. Plaintiff repeats the allegations made in paragraphs 1-34 and incorporate those allegations by reference with the same force and effect as if herein set forth.

36. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding.

37. Defendants unlawfully **concerted, maliciously conspired, wrongly charged and maliciously prosecuted**[4] Plaintiff. Defendant CITY, through its agents, servants and employees,

---

[4] Plaintiff C. J.-F. is claiming both federal and state malicious prosecution claims pursuant to the 4th and 14th Amendments. As federal malicious prosecution claims are governed by state law the elements of the

FRANCOIS and DOE through a concerted effort actively organized and guided the investigation and decision of charges to be filed in the **initiation of the criminal proceedings and the unlawful and malicious prosecution**.

38. Defendants FRANCOIS and DOE did knowingly and willingly conspired with each other and agreed to conspire with each other to falsely arrest Plaintiff C. J.-F. without a justifiable basis.

39. Through a recognized and established practice of unscrupulously inflating charges of defendants without just cause to secure convictions defendants FRANCOIS and DOE wrongly charged Plaintiff C. J.-F. with the intent to maliciously prosecute him.

40. The charges were not based upon probable cause, that is, the state of the facts in the mind of Defendants FRANCOIS and DOE would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that C. J.-F. was guilty.

41. Defendants FRANCOIS and DOE were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.

42. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

43. WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

---

claim will be stated as such in this complaint. *Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995)* (citing *Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989)*.

## FOURTH CAUSE OF ACTION

### False Arrest

44. Plaintiff repeats the allegations made in paragraphs 1-43 and incorporate those allegations by reference with the same force and effect as if herein set forth.

45. The acts and conduct of the defendants constitutes false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff, and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

46. Defendants FRANCOIS and DOE were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.

47. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

48. WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

## FIFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

49. Plaintiff repeats the allegations made in paragraphs 1-48 and incorporate those allegations by reference with the same force and effect as if herein set forth.

50. By the actions described above, Defendant CITY through its agents and employees, Defendants FRANCOIS and DOE committed the wrongful act of **negligent**

**infliction of emotional distress**, which is a tortuous act under the laws of the State of New York, by: negligently initiating a proceeding on charges that lack both cause and justification in which it was foreseeable that Mr. J.-F., a minor, would be imprisoned and confined with individuals who are of a dangerous nature, subject to their torturing and embarrassed among his peers causing him emotional harm and public humiliation.

51. The defendants' acts were outrageous in the extreme, beyond boundaries of decency and utterly unacceptable in a civilized society. They resulted in mental and physical injuries to the Plaintiff, the ramifications of which are still felt to the present day.

52. As a consequence of the foregoing acts, Plaintiff sustained injuries, physical, psychological, and emotional, and was otherwise damaged.

53. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

54. WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

<u>SIXTH CAUSE OF ACTION</u>

<u>Negligent Hiring, Retention, Training and Supervision</u>

55. Plaintiff repeats the allegations made in paragraphs 1-54 and incorporate those allegations by reference with the same force and effect as if herein set forth.

56. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Defendants FRANCOIS and DOE individuals who were unfit for the performance of police duties on November 3, 2010, at the aforementioned location.

57. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

58. WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

59. WHEREFORE, on this claim Plaintiff demands that sanctions be imposed against defendants in an amount 'costly enough that it will not be undertaken' up to and including a ruling in Plaintiff's favor.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages in the amount of $1,500,000.00.

b. Punitive damages in the amount of $1,500,000.00.

c. A court order, pursuant to 42 U.S.C. §1988, stating that the Plaintiff is entitled to the costs involved in maintaining this action, including attorney's fees.

d. For such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated: New York, New York
        May 21, 2012

RAMBADADT, BARRECA, ARMOUR & LEE, LLP

_Robert Rambadadt_ (signature)

_____
Robert Rambadadt, Esq.  (RR 9959)
**RAMBADADT, BARRECA, ARMOUR & LEE**
Attorneys for Plaintiff
20 W. 20th Street, 2ND Floor
New York, New York 10011
(646) 450-8049

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK  )
COUNTY OF NEW YORK)ss.:

 I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am member of the law firm of RAMBADADT, BARRECA, ARMOUR & LEE, LLP, attorneys of record for the Plaintiff in the within action; I have read the foregoing;

**COMPLAINT**

and know the contents thereof;  the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.  The reason this verification is made by me and not by petitioner is that deponent maintains offices outside the County in which petitioner resides.

 The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  entire file maintained in your deponent's offices; investigations, etc.

 I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
   May 21, 2012

_____
   ROBERT RAMBADADT

RAMBADADT, BARRECA, ARMOUR & LEE, LLP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

C. J.-F. (a minor by) IDOCSILE JEAN-FRANCOIS (his mother and natural guardian),

        Plaintiffs,

  -against-

THE CITY OF NEW YORK, P.O. HANS FRANCOIS and P.O. JOHN DOE,

        Defendants.

**COMPLAINT**

**RAMBADADT, BARRECA, ARMOUR & LEE, LLP**
Attorneys for Plaintiff
20 W. 20TH Street, 2ND Floor
New York, New York 10011
(646) 450-8049

TO:

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: __05/21/2012_____   Signature:__[signature]__

        Print Signer's Name: __Robert Rambadadt_____

RAMBADADT, BARRECA, ARMOUR & LEE, LLP